# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **JAMES MICHAEL GRIMSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -v- | )   No.: 3:22-cv-3049 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES Plaintiff, James Michael Grimsley, by and through his attorneys Steigmann Law, PC, and complaining of the Defendant, United States of America, hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, James Michael Grimsley ("James Grimsley or Mr. Grimsley"), brings this action against the United States of America ("United States or USA") pursuant to the provisions of the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671-2680, alleging liability of the United States Government for the medical negligence/general negligence of its employees and/or apparent agents at the Veterans Affairs ("VA") Iowa City VA Health Care System, which proximately caused significant personal injury to James Michael Grimsley.

2. On February 4, 2021, Plaintiff presented a medical negligence/general negligence/personal injury claim to the Department of Veterans Affairs pursuant to the provisions of the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671-2680, alleging liability of the United States Government. Exhibit A – Standard Form 95 or SF-95 is attached and by reference incorporated herein and, in pertinent part, Paragraph 8, Basis of Claim sets forth, *to wit*:

1

James Michael Grimsley is an honorably discharged veteran of the USMC with overseas tours in Asia. Beginning In March of 2019, VA doctors at the Quincy, IL VA and the Iowa City, IA VA began prescribing 40 mg of Prednisone to claimant to treat suspected TB Choroiditis. Later tests determined that claimant did not, in fact, have TB. Nevertheless, claimant was prescribed excessive doses of Prednisone that increased to 60 MG of Prednisone on March 3, 2020.

While 40 mg and 60 mg of Prednisone can be indicated for TB Choroiditis, Chorioretinitis, or other related or similar retinal problems, it is crucial that this excessive dosage is rigorously monitored. The patient should not have been on this dosage for more than 3-4 months without the introduction of Cellcept and steroid tapering.

On July 9, 2020, The VA doctor notes the patient presents with Iatrogenic Cushings and steroid myopathy due to high dose steroid use for 16 months. The doctor notes progressive weakness for steroid myopathy.

In totality, claimant was on excessive doses of Prednisone for a period in excess of eighteen (18) months and, among other deviations from the standard of care, the VA institution, doctors, nurses, and staff failed to appropriately monitor the Prednisone prescribed to the claimant. Moreover, the VA records indicate that Cellcept and steroid tapering were not introduced until 12-16 months after the patient was prescribed excessive doses of Prednisone.

The patient has a basis to proceed pursuant to the FTCA on medical negligence theories of general negligence, *Res Ipsa Loquitur*, and lack of informed consent. Moreover, the Seventh Circuit allows claims of institutional negligence against the VA. Under Illinois substantive law, "in an institutional negligence case, a hospital owes a duty to its patients to exercise reasonable care in light of apparent risk." *Longnecker v. Loyola Univ. Med. Ctr.*, 891 N.E.2d 954, 965 (Ill. App. Ct. 2008). The Seventh Circuit has found that an administrative claim alleging "the institution failed to quarantine [another inmate] to prevent transmittal of disease" was sufficient to exhaust the plaintiff's claim that the institution negligently failed to implement and enforce its MRSA policies, for FTCA purposes. *Buechel v. United States*, 746 F.3d 753, 761 (7th Cir. 2014).

Exhibit B – Certified Mail Receipt is attached and by reference incorporated herein.

    3.      On February 11, 2021, the United States acknowledged receipt of the claim.

Plaintiff's SF-95 alleges the amount of the claim to be $5,000,000.00. Exhibit C – Correspondence from the U.S. Department of Veterans Affairs – Office of General Counsel is attached and by reference incorporated herein.

4. On December 1, 2021, the U.S. Department of Veterans Affairs – Office of General Counsel expressly denied the claim, and pursuant to 28 U.S.C. § 2675(a) the United States has been afforded six (6) months to make a decision on the claim and has, in fact, made a final administrative decision on the claim. Plaintiff has elected to file suit against the USA in the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 2401(b). Exhibit D – Correspondence from the U.S. Department of Veterans Affairs – Office of General Counsel is attached and by reference incorporated herein.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States of America for money damages for personal injury caused by the negligent or wrongful acts or omissions of any employee of the Government while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

6. At all times material hereto, VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System, involved in the negligent acts and omissions alleged herein, were acting within the scope and course of their employment with the VA and, as such, defendant United States of America is the appropriate defendant pursuant to the Federal Tort Claims Act.

7. Venue is proper under 28 U.S.C. § 1391(b) because the acts and omissions forming the basis of this claim occurred within the Central District of Illinois, Springfield Division. The Quincy VA Clinic operates like a physician's office and is located at 6020

Broadway Street, Quincy, Illinois 62305-7919 and is an extension of the Iowa City VA Health Care System. Plaintiff resides in the Central District of Illinois at 24021 255th Ave., New Canton, Illinois 62356 and regularly appoints at the Quincy VA clinic.

8. A complaint setting forth the allegations in support of this cause of action (3:21-cv-3080) was first filed in the Central District of Illinois, Springfield Division on March 25, 2021. At the time of that filing, the U.S. Department of Veterans Affairs – Office of General Counsel had not been afforded six (6) months pursuant to 28 U.S.C. § 2675(a) to make a decision on the administrative claim.

9. On April 16, 2021, Plaintiff filed with the Clerk of the Court a Notice of Voluntary Dismissal (without prejudice) pursuant to Rule 41(a)(1)(A)(i). Exhibit E – Notice of Voluntary Dismissal (without prejudice) is attached and by reference incorporated herein.

**FACTUAL ALLEGATIONS**

10. Plaintiff, James Michael Grimsley was at all relevant times hereto a veteran of the United States Marine Corps, was honorably discharged from the Corps, and was otherwise eligible for treatment at the Quincy VA Clinic, Iowa City VA Health Care System, located within this judicial district in Quincy, Illinois.

11. At all times relevant hereto, the United States, by and through its employees and apparent agents-servants-contractors, maintains and operates the Iowa City VA Health Care System, located in Quincy, Illinois and Iowa City, Iowa, and in the aforesaid capacity employs various health care professionals and offers medical services to veterans, including James Michael Grimsley.

12.     James Michael Grimsley has been a patient under the care and treatment of the Iowa City VA Health Care System from 2010 to the present and they are primarily responsible for his medical care.

13.     On March 3, 2019, James Michael Grimsley presented to the Iowa City VA Health Care System for an initial eye evaluation by VA physicians. The VA physicians note that there were no outside patient records available for their review.

14.     However, the same physicians were aware that Plaintiff had been recently under the care of a retina subspecialist, Dr. Kevin Blinder. They were also aware that he was recently on Prednisone.

15.     On March 26, 2019, James Michael Grimsley presented to the Iowa City VA Health Care System for a follow-up appointment with VA physicians Stephanie K. Lynch, MD and James C. Folk, MD. There is no record that VA physicians Stephanie K. Lynch, MD and James C. Folk, MD, or any other VA physician requested or reviewed Plaintiff's recent clinic notes/patient records from his retina subspecialist, Dr. Kevin Blinder.

16.     Moreover, there is no record that on March 26, 2019, VA physicians Stephanie K. Lynch, MD and James C. Folk, MD, or any other VA physician contacted or consulted with Dr. Kevin Binder.

17.     That James Michael Grimsley's **previous** clinic notes/patient records from his uveitis treating clinic (Dr. Blinder) were never obtained nor reviewed, despite the aforementioned VA physicians having had the knowledge that intravitreal injections were used for treatment of Plaintiff's chorioretinitis. Had the VA physicians obtained those records they could have better understood the efficacy of intravitreal steroids or anti vascular endothelial growth factor or other agents in treating Plaintiff's eye condition.

18. That a review of the aforementioned clinic notes/patient records, or merely a consultation with Dr. Blinder, may have yielded information regarding an adequate ocular disease response to the intraocular steroids or anti vascular endothelial growth factor therapy, as was documented by the VA physicians as probable treatment that Mr. Grimsley had previously received.

19. Yet, despite the aforementioned, on March 26, 2019, VA physicians Stephanie K. Lynch, MD and James C. Folk, MD prescribed 40mg of Prednisone to treat Plaintiff's eye condition.

20. That relating to the March 26, 2019 appointment, there is no record of any discussion or plan to regulate and/or taper the high dose 40mg corticosteroid therapy prescribed to Plaintiff. Moreover, there is no record indicating a recommended consultation with rheumatology.

21. On March 3, 2020 and March 5, 2020, James Michael Grimsley presented to the Iowa City VA Health Care System for a follow-up appointment with VA physicians Christopher R. Fortenbach, MD and Michael D. Abramoff, MD. Plaintiff was prescribed and began taking 60mg of Prednisone.

22. That relating to the March 3, 2020 and March 5, 2020 appointments, there is no record of any discussion or plan to regulate and/or taper the high dose 60mg corticosteroid therapy prescribed to Plaintiff. Moreover, there is no record indicating a recommended consultation with rheumatology.

23. That it was not until May 28, 2020, that James Michael Grimsley was referred to rheumatology regarding a consult for a steroid-sparing agent.

24. On July 9, 2020, James Michael Grimsley presented to the Iowa City VA Health Care System for an appointment with his primary care physician or PCP, Ahmad Ahmadzia, MD. Dr. Ahmadzia notes the patient presents with Iatrogenic Cushings and steroid myopathy due to high dose corticosteroid use for 16 months. The doctor notes progressive weakness from steroid myopathy. It was at this appointment where a VA physician confirmed the dire circumstances Plaintiff was in; namely, that he was experiencing significant, extremely well-known, high dose corticosteroid therapy related side-effects.

25. That it was not until July of 2020 that a steroid-sparing agent was introduced. Thus, at that point, only a long-term steroid taper option was available to Plaintiff which forced him to remain on a toxic, high dosage of corticosteroids.

26. That throughout the course of James Michael Grimsley's high dose corticosteroid treatment – prescribed and monitored by VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System – Plaintiff's **previous** clinic notes/patient records from his uveitis treating clinic (Dr. Blinder) were never obtained nor reviewed.

27. As a result, James Michael Grimsley has suffered significant, irreversible systemic damage to his body, including but not limited to Iatrogenic Cushings and steroid myopathy. He is in a state of constant pain and weakness. His eye condition has deteriorated. These conditions are considered permanent and will worsen. The extended (over 18 months) high dose 40mg and 60mg corticosteroid therapy prescribed to Plaintiff, without a thorough review of his **previous** clinic notes/patient records from his uveitis treating clinic (Dr. Blinder),

and without a consult with rheumatology, and without the appropriate introduction of a steroid-sparing agent is the proximate cause of these conditions.

28. Furthermore, both the use of a topical beta-blocker (Timolol) and prostaglandin analog (Latanoprost) were not discontinued, despite an incomplete inflammatory response resolution with high dosage oral steroids.

29. That James Michael Grimsley has experienced significant pain and suffering, emotional distress, decreased ability to perform activities of daily living, and irreversible, permanent damage as a result of the VA's failed course of corticosteroid treatment, all of which were preventable, as well as directly and proximately caused by acts and omissions of the Defendants, as further stated below.

30. Attached hereto and made a part hereof are Affidavits and a Reviewing Health Care Professional's Report pursuant to § 2-622 of the Illinois Code of Civil Procedure. Exhibit F and Exhibit G are attached and by reference incorporated herein.

### COUNT I (Medical Negligence)

31. Plaintiff repeats and re-alleges Paragraphs 1-30 of the Complaint, as though they were fully and completely set forth herein.

32. The VA's mission is "to care for him who shall have borne the battle, and for his widow and his orphan," providing health care that "compares favorably to the best of the private sector."

33. At all times relevant hereto in the Iowa City VA Health Care System's treatment of James Michael Grimsley, there existed a duty on the part of Defendant USA, by and through VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent

agents-servants-contractors employed with the Iowa City VA Health Care System, to render medical care and treatment in accordance with the accepted standards of prevailing medical practice and opinion existing in the community at that time and to exercise that degree of knowledge, skill, and care which a reasonably well-qualified physician in the same or similar community would bring to a similar case under similar circumstances.

34. Additionally, at all times relevant hereto, the VA and the Iowa City VA Health Care System had a duty to act as a reasonably careful hospital or clinic and to make itself aware of the care administered to James Michael Grimsley, by and through its physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System – and to take action when the care rendered was substandard.

35. Disregarding its duty (not subject to a discretionary function), Defendant USA, by and through its physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System, were guilty of one or more of the following acts or omissions:

    a. Failure to attempt tapering of Mr. Grimsley's high dose corticosteroid therapy, even after Mr. Grimsley began experiencing significant, extremely well-known steroid related side-effects is a deviation from the standard of care, specifically:

        i. Failure to attempt local, intraocular steroid therapy;
        ii. Failure to consult a Rheumatologist or Uveitis subspecialist in order to institute steroid sparing therapy in a timely manner; and
        iii. Failure to attempt intraocular anti vascular endothelial growth factor therapy to diagnosis and possibly treat any associated choroidal neovascular membranes.

b. Failure to consult a Rheumatologist or Uveitis subspecialist to treat breakthrough, blinding, chorioretinal damaging inflammation;

c. Failure to obtain and review notes from Mr. Grimsley's immediately former, treating retina subspecialist, Dr. Kevin Blinder which may have yielded information regarding an adequate ocular disease response to intraocular steroid or anti vascular endothelial growth factor therapy, as was documented as probable therapy Mr. Grimsley previously received;

d. Failure to discontinue latanoprost eye drops in the presence of known, vision threatening intraocular inflammation, poorly controlled on high-dose systemic corticosteroids;

e. Failure to discontinue timolol 0.5% eye drops in the presence of documented interstitial lung disease, reactive airway exacerbations, and shortness of breath on exertion;

f. Failure to determine the professional competence of its physicians before granting staff privileges;

g. Failure to make continuing assessments of its physicians' competence;

h. Failure to review and supervise medical treatment provided by its physicians, and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System;

i. Failure to develop, promulgate, and implement policies and procedures to protect patients, including James Michael Grimsley, from the negligent conduct complained of herein;

j.  Failure to ensure that its employees, agents and apparent agents followed appropriate standards in hiring, credentialing, training and supervising qualified staff to provide for the delivery of high-quality health care to its patients, including James Michael Grimsley;

k.  Failure to adequately supervise its employees, agents and apparent agents and enforce its policies and procedures;

l.  Failure to ensure that those to whom it granted privileges, employment or permission to provide health care services to its patients were trained and competent to do so; and

m.  Failing to maintain adequate staffing levels to monitor and provide health care, including emergency health care services to its patients, including James Michael Grimsley.

36. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of Defendant USA, by and through VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System – James Michael Grimsley suffered a broad range of well-known high dose, prolonged-use corticosteroid induced side-effects, including but not limited to:

a.  Anasarca (whole body swelling);

b.  Osteonecrosis;

c.  Deep vein thromboses;

d.  Gastric ulcer;

e.  Gastroesophogeal reflux disease;

11

    f. Profound myopathy;

    g. Thrush exacerbating existing dysphagia;

    h. Hepatic steatosis;

    i. Moon facies;

    j. Glaucoma;

    k. Dyslipidemia; and

    l. Hypertension.

37. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of Defendant USA, by and through VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System – James Michael Grimsley has experienced significant pain and suffering, emotional distress, decreased ability to perform activities of daily living, and irreversible, permanent damage, and will so suffer in the future, all to his damages.

## COUNT II (*Res Ipsa Loquitur*)

38. Plaintiff repeats and re-alleges Paragraphs 1-34 of the Complaint, as though they were fully and completely set forth herein.

39. That the injury complained of would not have occurred in the absence of negligence.

40. That James Michael Grimsley's care and the treatment was exclusively under the control or management of Defendant USA, by and through VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any

and all other VA physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System, during the period of the injury complained of.

41. That in the normal course of events, James Michael Grimsley's injury would not have occurred if Defendant USA had exercised a reasonable standard of professional care while Mr. Grimsley was a patient of Defendant USA, and under their control or management during the period of the injury complained of.

42. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of Defendant USA, by and through VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System – James Michael Grimsley has experienced significant pain and suffering, emotional distress, decreased ability to perform activities of daily living, and irreversible, permanent damage, and will so suffer in the future, all to his damages.

## COUNT III (Informed Consent)

43. Plaintiff repeats and re-alleges Paragraphs 1-30 of the Complaint, as though they were fully and completely set forth herein.

44. That in addition to or in the alternative, and at all times mentioned herein, Defendant USA, by and through VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent agents-servants-contractors employed with the Iowa City VA Health Care System, had a duty to obtain James Michael Grimsley's informed consent

for the high dose corticosteroid treatment, by disclosing to Mr. Grimsley those material risks, results, or alternatives that a reasonable medical practitioner of the same community, in the same or similar circumstances would have disclosed.

45. That Defendant USA deviated from the standard of care, by failing to disclose to Mr. Grimsley those material risks, results, or alternatives that a reasonable medical practitioner of the same community, in the same or similar circumstances would have disclosed.

46. That Defendant USA failed to fully inform/apprise Mr. Grimsley of the material risks inherent to the high dose corticosteroid course of treatment.

47. That, moreover, Defendant USA failed to fully inform/apprise Mr. Grimsley of the material risks inherent to the course of treatment, because Defendant USA, itself, failed to understand and appreciate the risks associated with the prescribed treatment and its mismanagement of the same, and thus Defendant USA could not competently inform/apprise Mr. Grimsley of the material risks inherent to the course of treatment.

48. That had Mr. Grimsley been sufficiently informed of the material risks involved, he would have never undergone the aforementioned course of treatment.

49. That Defendant USA's failure to obtain Mr. Grimsley's informed consent for the course of treatment is the direct and proximate cause of Mr. Grimsley's injuries, in that, had Mr. Grimsley been sufficiently informed of the material risks, he would have never undergone the aforementioned course of treatment.

50. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of Defendant USA, by and through VA physicians Stephanie K. Lynch, MD; James C. Folk, MD; Christopher R. Fortenbach, MD; Michael D. Abramoff, MD; and any and all other VA physicians and employees; and/or apparent agents-

servants-contractors employed with the Iowa City VA Health Care System – James Michael Grimsley has experienced significant pain and suffering, emotional distress, decreased ability to perform activities of daily living, and irreversible, permanent damage, and will so suffer in the future, all to his damages.

WHEREFORE, Plaintiff, James Michael Grimsley demands judgment against Defendant, the United States of America, in the amount of five million dollars ($5,000,000.00), as will reasonably and fairly compensate him for his damages, for costs herein expended, and for any further and other relief that this Court deems just and proper in the premises.

James Michael Grimsley,
Plaintiff


By: /s/David C. Steigmann
David C. Steigmann #6271465
Attorney for Plaintiff
Steigmann Law, PC
1807 Woodfield Drive
Savoy, Illinois 61874
(217) 351-5818
(217) 351-5819
dsteigmann@steigmannlaw.com